# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA

Fill in this information to identify your case:

| | | | | |
|---|---|---|---|---|
| Debtor 1 | **Minnie Mae Thomas** | | | |
| | First Name | Middle Name | Last Name | |
| Debtor 2 | | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name | |
| Case number | 18-50106 | | | |
| (If known) | | | | |

☐ Check if this is an amended plan.

## Chapter 13 Plan and Motion

[Pursuant to Fed. R. Bankr. P. 3015.1, the Southern District of Georgia General Order 2017-3 adopts this form in lieu of the Official Form 113].

1. **Notices.** Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as not being contained in the plan or if neither or both boxes are checked, the provision will be ineffective if set out in the plan.

    (a) This plan:  
    ☑ contains nonstandard provisions. See paragraph 15 below.  
    ☐ does not contain nonstandard provisions.

    (b) This plan:  
    ☑ values the claim(s) that secures collateral. See paragraph 4(f) below.  
    ☐ does not value claim(s) that secures collateral.

    (c) This plan:  
    ☑ seeks to avoid a lien or security interest. See paragraph 8 below.  
    ☐ does not seek to avoid a lien or security interest.

2. **Plan Payments.**

    (a) The Debtor(s) shall pay to the Chapter 13 Trustee (the "Trustee") the sum of $**125.00** for the applicable commitment period of:

    ☐ 60 months: **or**

    ☑ a minimum of 36 months. See 11 U.S.C. § 1325(b)(4).

    (b) The payments under paragraph 2(a) shall be paid:

    ☐ Pursuant to a Notice to Commence Wage Withholding, the Debtor(s) request(s) that the Trustee serve such Notice(s) upon the Debtor's(s') employer(s) as soon as practicable after the filing of this plan. Such Notice(s) shall direct the Debtor's(s') employer(s) to withhold and remit to the Trustee a dollar amount that corresponds to the following percentages of the monthly plan payment:

    ☐ Debtor 1 _____%  ☐ Debtor 2 _____%

    ☑ Direct to the Trustee for the following reason(s):  
    ☑ The Debtor(s) receive(s) income solely from self-employment, Social Security, government assistance, or retirement.  
    ☐ The Debtor(s) assert(s) that wage withholding is not feasible for the following reason(s): _____

    (c) Additional Payments of $**0** (estimated amount) will be made on ____,__ (anticipated date) from (source, including income tax refunds).

3. **Long-Term Debt Payments.**

    (a) **Maintenance of Current Installment Payments.** The Debtor(s) will make monthly payments in the manner specified as follows on the following long-term debts pursuant to 11 U.S.C. § 1322(b)(5). These postpetition payments will be disbursed by either the Trustee or directly by the Debtor(s), as specified below. Postpetition payments are to be applied to postpetition amounts owed for principal, interest, authorized postpetition late charges and escrow, if applicable. Conduit payments that are to be made by the Trustee which

| Debtor | **Minnie Mae Thomas** | Case number | |

become due after the filing of the petition but before the month of the first payment designated here will be added to the prepetition arrearage claim.

| CREDITOR | COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | PAYMENTS TO MADE BY (TRUSTEE OR DEBTOR(S)) | MONTH OF FIRST POSTPETITION PAYMENT TO CREDITOR | INITIAL MONTHLY PAYMENT |
|---|---|---|---|---|---|
| Aarons | rent to own | No | Debtor | | $186.00 |
| Green Tree | Mobile Home contingent | No | Debtor | | $400.00 |
| Rushmore Loans | 120 W. Schley Street Douglas, GA 31533 Coffee County | yes | Debtor | | $599.00 |

(b) **Cure of Arrearage on Long-Term Debt.** Pursuant to 11 U.S.C. § 1322(b)(5), prepetition arrearage claims will be paid in full through disbursements by the Trustee, with interest (if any) at the rate stated below. Prepetition arrearage payments are to be applied to prepetition amounts owed as evidenced by the allowed claim.

| CREDITOR | DESCRIPTION OF COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | ESTIMATED AMOUNT OF ARREARAGE | INTEREST RATE ON ARREARAGE (if applicable) |
|---|---|---|---|---|
| Rushmore Loans | 120 W. Schley Street Douglas, GA 31533 Coffee County | yes | 1,198.00 | 0.00% |

4. **Treatment of Claims.** From the payments received, the Trustee shall make disbursements as follows unless designated otherwise:
   (a)    **Trustee's Fees**. The Trustee percentage fee as set by the United States Trustee.

   (b)    **Attorney's Fees.** Attorney's fees allowed pursuant to 11 U.S.C. § 507(a)(2) of $**3,000.00**.

   (c)    **Priority Claims.** Other 11 U.S.C. § 507 claims, unless provided for otherwise in the plan will be paid in full over the life of the plan as funds become available in the order specified by law.

   (d)    **Fully Secured Allowed Claims.** All allowed claims that are fully secured shall be paid through the plan as set forth below.

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| -NONE- | | | | |

   (e)    **Secured Claims Excluded from 11 U.S.C. § 506 (those claims subject to the hanging paragraph of 11 U.S.C. § 1325(a)).** The claims listed below were either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value. These claims will be paid in full under the plan with interest at the rate stated below:

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| -NONE- | | | | |

   (f)    **Valuation of Secured Claims to Which 11 U.S.C. § 506 is Applicable.** The Debtor(s) move(s) to value the claims partially secured by collateral pursuant to 11 U.S.C. § 506 and provide payment in satisfaction of those claims as set forth below. The unsecured portion of any bifurcated claims set forth below will be paid pursuant to paragraph 4(h) below. The plan shall be served on all affected creditors in compliance with Fed. R. Bankr. P. 3012(b), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | DESCRIPTION OF COLLATERAL | VALUATION OF SECURED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| Jefferson Capital Systems, LLC  Attn: | 2004 Chevrolet Tahoe 100000 miles 2004 Chevrolet Taho | 1,800.00 | 5.00% | 34 |

   (g)    **Special Treatment of Unsecured Claims.** The following unsecured allowed claims are classified to be paid at 100%

GASB - Form 113 December 1, 2017

☐ with interest at _____% per annum; **or** ☐ without interest:
**None**

(h)` **General Unsecured Claims.** Allowed general unsecured claims, including the unsecured portion of any bifurcated claims provided for in paragraph 4(f) or paragraph 9 of this plan, will be paid a 0.**00**% dividend or a pro rata share of $**0.00**, whichever is greater.

5. **Executory Contracts**.
   (a) **Maintenance of Current Installment Payments or Rejection of Executory Contract(s) and/or Unexpired Lease(s).**

| CREDITOR | DESCRIPTION OF PROPERTY/SERVICES AND CONTRACT | ASSUMED/REJECTED | MONTHLY PAYMENT | DISBURSED BY TRUSTEE OR DEBTORS |
|---|---|---|---|---|
| **Aarons** | **living room suit** | **assumed** | $186.00 | debtor |

   **(b)** **Treatment of Arrearages.** Prepetition arrearage claims will be paid in full through disbursements by the Trustee.

| CREDITOR | ESTIMATED ARREARAGE |
|---|---|
| **-NONE-** | |

6. **Adequate Protection Payments.** The Debtor(s) will make pre-confirmation lease and adequate protection payments pursuant to 11 U.S.C. § 1326(a)(1) on allowed claims of the following creditors: ☐ Direct to the Creditor; **or** ☑ To the Trustee

| CREDITOR | ADEQUATE PROTECTION OR LEASE PAYMENT AMOUNT |
|---|---|
| **Jefferson Capital Systems, LLC  Attn:** | **5.00** |

7. **Domestic Support Obligations.** The Debtor(s) will pay all postpetition domestic support obligations direct to the holder of such claim identified here. See 11 U.S.C. § 101(14A). The Trustee will provide the statutory notice of 11 U.S.C. § 1302(d) to the following claimant(s):

| CLAIMANT | ADDRESS |
|---|---|
| **-NONE-** | |

8. **Lien Avoidance.** Pursuant to 11 U.S.C. § 522(f), the Debtor(s) move(s) to avoid the lien(s) or security interest(s) of the following creditor(s), upon confirmation but subject to 11 U.S.C. § 349, with respect to the property described below. The plan shall be served on all affected creditor(s) in compliance with Fed. R. Bankr. P. 4003(d), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | LIEN IDENTIFICATION (if known) | PROPERTY |
|---|---|---|
| **-NONE-** | | |

9. **Surrender of Collateral.** The following collateral is surrendered to the creditor to satisfy the secured claim to the extent shown below upon confirmation of the plan. The Debtor(s) request(s) that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. § 1301 be terminated in all respects. Any allowed deficiency balance resulting from a creditor's disposition of the collateral will be treated as an unsecured claim in paragraph 4(h) of this plan if the creditor amends its previously-filed, timely claim within 180 days from entry of the order confirming this plan or by such additional time as the creditor may be granted upon motion filed within that 180-day period.

| CREDITOR | DESCRIPTION OF COLLATERAL | AMOUNT OF CLAIM SATISFIED |
|---|---|---|
| **-NONE-** | | |

10. **Retention of Liens.** Holders of allowed secured claims shall retain the liens securing said claims to the full extent provided by 11 U.S.C § 1325(a)(5).

11. **Amounts of Claims and Claim Objections.** The amount, and secured or unsecured status, of claims disclosed in this plan are based upon the best estimate and belief of the Debtor(s). An allowed proof of claim will supersede those estimated claims. In accordance with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure objections to claims may be filed before or after confirmation.

12. **Payment Increases.** The Debtor(s) will increase payments in the amount necessary to fund allowed claims as this plan proposes, after notice from the Trustee and a hearing if necessary, unless a plan modification is approved.

13. **Federal Rule of Bankruptcy Procedure 3002.1.** The Trustee shall not pay any fees, expenses, or charges disclosed by a creditor pursuant to Fed. R. Bankr. P. 3002.1(c) unless the Debtor's(s') plan is modified after the filing of the notice to provide for payment of such fees,

Debtor  **Minnie Mae Thomas**                              Case number

expenses, or charges.

**14.   Service of Plan.** Pursuant to Fed. R. Bankr. P. 3015(d) and General Order 2017-3, the Debtor(s) shall serve the Chapter 13 plan on the Trustee and all creditors when the plan is filed with the court, and file a certificate of service accordingly. If the Debtor(s) seek(s) to limit the amount of a secured claim based on valuation of collateral (paragraph 4(f) above), seek(s) to avoid a security interest or lien (paragraph 8 above), or seek(s) to initiate a contested matter, the Debtor(s) must serve the plan on the affected creditors pursuant to Fed. R. Bankr. P. 7004. See Fed. R. Bankr. P. 3012(b), 4003(d), and 9014.

**15.   Nonstandard Provisions.** Under Fed. R. Bankr. P. 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise in this local plan form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

**(1) Upon discharge of the Debtor(s), titles to all vehicles, free of creditors liens, shall be returned to the Debtor(s).**
**(2) Upon discharge of the Debtor(s), all non-possessory non-purchase money interest(s) in household goods and furnishing, wearing apparel, appliances, and jewelry are avoided to the extent of the debtor's exemptions.**
**(3) Upon discharge of the Debtor(s), all judicial lien(s) in all property of the Debtor(s), acquired both pre-filing and post-filing, are avoided to the extent allowed by law including but not limited to the creditors listed above to avoid liens. (which will make the claim unsecured for purposes of payment.)**
**(4) Debtor request that a payroll deduction should be sent to:  employer (as listed in Schedule I).**
**(5) Attorney fees will be paid under the plan. Secured claims will be paid a rate of 5.00%, unless noted.**
**(6) If applicable, the Debtor(s) hereby redeem any vehicle in his/her/their possession, but for which title is held by a lender under a title pawn contract. The Debtor(s) shall redeem any such vehicle by paying in full through this chapter 13 plan. Confirmation of the plan shall constitute an affirmative finding as to the following: (1) that the graces period redemption has not expired; (2) that the vehicle is property of the estate; and (3) that the post-confirmation payments described in paragraph 2(e) shall constitute appropriate "affirmative steps to redeem" and such vehicle.**

**By signing below, I certify the foregoing plan contains no nonstandard provisions other than those set out in paragraph 15.**

Dated:   **February 22, 2018**                             **/s/ Minnie Mae Thomas**
                                                            **Minnie Mae Thomas**
                                                                              *Debtor 1*


                                                                              *Debtor 2*

                                                            **/s/ Franklin D. Hayes**
                                                            **Franklin D. Hayes 339910**
                                                                              *Attorney for the Debtor(s)*

Minnie Mae Thomas 18-50106

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the Chapter 13 Plan, by First Class Main, placing the same in the United States Mail with proper postage affixes thereon to the following address:

Chapter 13 Trustee
P.O. Box 1717
Brunswick, GA  31521

(and all parties listed on the Creditor Mailing Matrix)

I hereby certify that I have served a copy of the Chapter 13 Plan on the following corporations address to an Agent or officer by First Class Mail with proper postage affixes thereon to the following addresses.

I hereby certify that the following insured depository institutions were served by Certified Mail address to the officer of the institution:

I hereby certify that the following parties and counsel were served electronically the Notice of Electronic Filing (NEF) at the following address:

This the      23      day of        February         , 2018


/s/ Franklin D. Hayes
Attorney for Debtor(s)
P.O. Box 2377
Douglas, GA  31534
(912) 383-6132
GA Bar #339910
fhayeslaw@yahoo.com

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113J-5<br>Case 18-50106-MJK<br>Southern District of Georgia<br>Waycross<br>Fri Feb 23 13:29:12 EST 2018 | AFNI<br>P.O. BOX 3667<br>Bloomington IL 61702-3667 | Aarons<br>Officer, Managign, or General Agent<br>1010 Bowens Mill Rd<br>Douglas GA 31533 |
| Alltel<br>1001 Technology Dr.<br>Little Rock AR 72223-5943 | (p)W S BADCOCK CORPORATION<br>POST OFFICE BOX 724<br>MULBERRY FL 33860-0724 | CB/Roamans<br>PO Box 182789<br>Columbus OH 43218-2789 |
| CBA<br>321 MAIN STREET<br>Tifton GA 31794-4897 | CBA MACON<br>420 COLLEGE STREET<br>Macon GA 31201-6707 | COFFEE REGIONAL HOSPITAL<br>P.O. BOX 1227<br>Douglas GA 31534-1227 |
| Capital One<br>Post Office Box 30253<br>Salt Lake City UT 84130-0253 | Coffee ER Physicians Group<br>P.O. Box 1227<br>Douglas GA 31534-1227 | Credit One Bank<br>Post Office Box 98873<br>Las Vegas NV 89193-8873 |
| Dr. Marshall Tanner<br>2018 Ocilla Rd<br>Douglas GA 31533 | ECMC<br>LOCKBOX 8682<br>P.O. BOX 75848<br>Saint Paul MN 55175 | First Premier Bank<br>P.O. Box 5147<br>Sioux Falls SD 57117-5147 |
| Green Tree<br>Bankruptcy Dept.<br>1400 Turbine Dr, Ste 200<br>Rapid City SD 57703-4719 | Franklin D Hayes<br>Post Office Box 2377<br>Douglas, GA 31534-2377 | IRWIN COUNTY HOSPITAL<br>710 N. IRWIN AVE<br>Ocilla GA 31774-5098 |
| Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia PA 19101-7346 | Jefferson Capital Systems, LLC  Attn:<br>Officer, Mananging, or General Agent<br>PO Box 953185<br>Saint Louis MO 63195-3185 | LTD FINANCIAL SERVICES<br>7322 SOUTHWEST FREEWAY<br>SUTE 1800<br>Houston TX 77074-2010 |
| M. Elaina Massey<br>Post Office Box 1717<br>Brunswick, GA 31521-1717 | Midland Funding<br>8875 Aero Drive<br>San Diego CA 92123-2255 | Office of the U. S. Trustee<br>Johnson Square Business Center<br>2 East Bryan Street, Ste 725<br>Savannah, GA 31401-2638 |
| Radiology Associates<br>110 Bowens Mill Road<br>Douglas GA 31533-2250 | Rushmore Loans<br>P.O. Box 52708<br>Irvine CA 92619-2708 | SW Crdt Sys<br>5910 W Plano Parkway<br>Plano TX 75093-2202 |
| Syncb/Belk<br>P.O. Box 965028<br>Orlando FL 32896-5028 | Syncb/Walmart<br>P.O. Box 965024<br>El Paso TX 79998 | Synchrony Bank<br>c/o PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 |

```
Synchrony Bank c/o PRA Receivables Managemen    Minnie Mae Thomas              Verizon
PO Box 41021                                    120 Schley West                National Recovery
Norfolk, VA 23541-1021                          Douglas, GA 31533-4824         PO Box 26055
                                                                               Minneapolis MN 55426-0055


WINDSTREAM
1720 GALLERIA BLVD
Charlotte NC 28270-2408




                    The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
                    by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).



BADCOCK                                 End of Label Matrix
P.O. BOX 232                            Mailable recipients    33
Mulberry FL 33860                       Bypassed recipients     0
                                        Total                  33
```